No. 23-1544

# United States Court of Appeals for the Federal Circuit

---

**VPR BRANDS, LP,**

*Plaintiff-Appellee,*

v.

**SHENZHEN WEIBOLI TECHNOLOGY CO. LTD., YLSN DISTRIBUTION LLC, ECTO WORLD LLC, SAFA GOODS LLC, D&A DISTRIBUTION LLC, UNISHOW (U.S.A.), INC., SV3 LLC, KINGDOM VAPOR INC.,**

*Defendants-Appellants*

---

Appeal from the United States District Court for the Southern District of Florida in Case No. 9:22-cv-81576-AMC, Judge Aileen M. Cannon

---

**APPELLEE'S CORRECTED ANSWER BRIEF**

---

JOEL B. ROTHMAN
**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile
joel.rothman@sriplaw.com

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

## Fed. Cir. R. 47.4 CERTIFICATE OF INTEREST

No. 23-1544

Counsel for Appellee VPR Brands, LP. hereby certifies the following:

1.    The full name of every party represented by me in this appeal is as follows:  **VPR Brands, LP.**

2.    The name of the real party in interest (if the party named in the caption is not the real party in interest represented by me is: **N/A.**

3.    All parent corporations and any publicly held companies that own ten percent (10%) or more of the stock of the party or amicus curiae represented by me are: **VPR Brands, LP is a publicly traded company but does not have a parent company.  There is no publicly held company holding 10% or more of VPR's stock.**

4.    The names of all partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are as follows:  **SRIPLAW, PA; Joel Rothman, Layla Nguyen, Marian Quintero, Eliezer Lekht, and Joseph Dunne.**

Date: May 31, 2023                  Signature: /s/ Joel B. Rothman

Name: Joel B. Rothman

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

# TABLE OF CONTENTS

Fed. Cir. R. 47.4 CERTIFICATE OF INTEREST ................................................... ii

TABLE OF AUTHORITIES ..............................................................................v

*Id.* R. 47.5 STATEMENT OF RELATED CASES AND NOTICE OF RELATED CASE INFORMATION ............................................................................ ix

I.     JURISDICTIONAL STATEMENT ................................................1

II.    STATEMENT OF THE ISSUES ..................................................1

III.   STATEMENT OF THE CASE .....................................................1

   A.   The Decision Below. ......................................................1

   B.   VPR's ELF Trademark and Appellants' Infringement Thereof. ...............1

   C.   The Preliminary Injunction Hearing and Order. .......................................3

IV.   SUMMARY OF THE ARGUMENT ............................................5

V.    STANDARD OF REVIEW ..........................................................6

VI.   ARGUMENT ................................................................................6

   A.   The Appellants' Request to Apply the Unlawful Use Doctrine—a Doctrine that is Not Recognized by the Eleventh Circuit—Should be Refused. ...........................................................................6

   B.   The District Court did not Abuse its Discretion when it Refused to Apply the Unlawful Use Doctrine. ..............................................8

   C.   Application of the Unlawful Use Doctrine in the Present Case Would Create a Private Right of Action Under the Tobacco Control Act, When No Such Right Exists. ...........................................................13

D.    The District Court Did Not Abuse its Discretion in Determining That the Balance of Harms Tips in Favor VPR. .............................................................16

VII.  CONCLUSION ............................................................................................19

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS...21

CERTIFICATE OF SERVICE .................................................................................22

# TABLE OF AUTHORITIES

**Cases**                                                                      **Page(s)**

*7-Eleven, Inc. v. Kapoor Bros.*,
    977 F. Supp. 2d 1211 (M.D. Fla. 2013) .................................................... 16-17

*Clayton v. Howard Johnson Franchise Sys., Inc.*,
    730 F. Supp. 1553 (M.D. Fla. 1988) .................................................... 17

*Dahlgren v. Muldrow*,
    CASE NO. 1:06-cv-00065-MP-AK, 2008 U.S. Dist. LEXIS 4103, 2008 WL
    186641 (N.D. Fla. Jan. 18, 2008) .................................................... 12

*Davidoff Extension S.A. v. Davidoff Int'l, Inc.*,
    612 F. Supp. 4 (S.D. Fla. 1984) .......................................................... 9

*Dessert Beauty, Inc. v. Fox*,
    617 F. Supp. 2d 185 (S.D.N.Y. 2007) .............................................. 15

*FN Herstal SA v. Clyde Armory Inc.*,
    838 F.3d 1071 (11th Cir. 2016) ...................................................... 10, 8

*Estate of Sowell v. United States*,
    198 F.3d 169 (5th Cir. 1999) ............................................................ 12

*Estes v. Moore*,
    993 F.2d 161 (8th Cir. 1993) ............................................................ 12

*Ferrellgas Ptnrs., L.P. v. Barrow*,
    143 F. App'x 180 (11th Cir. 2005) .................................................. 17

*G&W Lab'ys, Inc. v. Laser Pharms., L.L.C.*,
    No. 3:17-cv-3974-BRM-DEA, 2018 U.S. Dist. LEXIS 102132 (D.N.J. June 19,
    2018) ...................................................................................... 13-14

*Gonzalez v. Governor of Ga.*,
    978 F.3d 1266 (11th Cir. 2020) ........................................................ 6

*Healthpoint, Ltd. v. Ethex Corp.*,
    273 F. Supp. 2d 817 (W.D. Tex. 2001) ................................ 14, 15-16

*Hi-Tech Pharms. v. Dynamic Sports Nutrition*,
    2020 WL 10728951, 2020 U.S. Dist. LEXIS 260248 ........................................ 9

*Inmuno Vital, Inc. v. Golden Sun, Inc.*,
    49 F. Supp. 2d 1344 (S.D. Fla. 1997) .................................................. 14

*Kratom Lab, Inc. v. Mancini*,
    CASE NO. 11-80987-CIV-MARRA, 2013 U.S. Dist. LEXIS 105852 (S.D. Fla.
    July 29, 2013) ............................................................................ 9

*Moke Am. LLC v. Am. Custom Golf Cars, Inc.,*
    No. 3:20cv400 (DJN), 2022 U.S. Dist. LEXIS 220617 (E.D. Va. Dec. 6, 2022*)*
    ............................................................................................ 8

*Nitro Leisure Prods., L.L.C. v. Acushnet Co.*,
    341 F.3d 1356 (Fed. Cir. 2003) ........................................................ 6

*Panduit Corp. v. All States Plastic Mfg. Co.*,
    744 F.2d 1564 (Fed. Cir. 1984) ..................................................... 6, 7

*Perry v. H.J. Heinz Co. Brands, L.L.C.*,
    994 F.3d 466 (5th Cir. 2021) .......................................................... 8

*Plant Food Sys. v. AgroSource, Inc.*,
    No. 16-80326-Civ-Marra/Matthewman, 2016 U.S. Dist. LEXIS 124185 (S.D.
    Fla. Sept. 12, 2016) ..................................................................... 9

*Roor Int'l BV v. Kinan Shouk, Inc.,*
    No. 3:19-cv-00027-J-20MCR, 2019 U.S. Dist. LEXIS 178638 (M.D. Fla. July
    31, 2019*)* ............................................................................. 8-9

*Satinine Societa in Nome Collettivo Di S.A. E M. Usellini v. P.A.B. Produits et
Appareils de Beaute*,
    1981 TTAB LEXIS 27, 209 U.S.P.Q. (BNA) 958, 964 (Trademark Trial & App.
    Bd. February 23, 1981) .................................................................. 11

*Sream, Inc. v. Habsa Enter.*,
    CASE NO. 16-81662-CIV-DIMITROULEAS, 2018 U.S. Dist. LEXIS 16741,
    2018 WL 1463655 (S.D. Fla. Jan. 30, 2019) ........................................ 9

*Sream, Inc. v. Tausif Lavina, Inc.*,
    CASE NO. 16-62605-CIV-ZLOCH, 2019 U.S. Dist. LEXIS 23583, 2019 WL
    1466706 (S.D. Fla. Feb. 12, 2019) ................................................... 9

*U.S. Philips Corp. v. Windmere Corp.*,
    861 F.2d 695 (Fed. Cir. 1988) ........................................................ 6

*United States v. Bilzerian*,
  926 F.2d 1285 (2d Cir. 1991) ............................................................. 12

*United States v. Jungles*,
  903 F.2d 468 (7th Cir. 1990) ............................................................. 12

*United States v. Simpson*,
  7 F.3d 186 (10th Cir. 1993) ............................................................. 12

*VPR Brands, LP v. Shenzhen Weiboli Tech. Co.*,
  No. 22-81576-CIV-CAN, 2023 WL 2317165, 2023 U.S. Dist. LEXIS 36169
  (S.D. Fla. Feb. 23, 2023) ............................................................. 1, 2

## Statutes and Rules                                      Page(s)

15 U.S.C. § 1114 ................................................................................. 3

15 U.S.C. § 1125 ................................................................................. 3

21 U.S.C. §§ 387 ........................................................................... 13, 3

28 U.S.C. § 1295 ................................................................................. 7

Fed. Cir. R. 28 ................................................................................. 1

## R. 47.5 STATEMENT OF RELATED CASES AND NOTICE OF RELATED CASE INFORMATION

No. 23-1544

1.  Whether any other appeal in or from the same civil action or proceeding in the originating tribunal was previously before this or any other appellate court? **No.**

2. The title and number of any case known to counsel to be pending in this or any other tribunal that will directly affect or be directly affected by this court's decision in the pending case? **The following related cases, which have been consolidated with the originating case and are pending in the United States District Court for the Southern District of Florida, will be directly affected by this court's decision in the pending case:** *VPR Brands, LP v. Imiracle HK Limited and Heaven Gifts International Limited*, **22-cv-8197;** *VPR Brands, LP v. Shenzhen Imiracle Technology Co. Ltd., et al.*, **22-cv-62373.**

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

# I.     JURISDICTIONAL STATEMENT

Omitted per Federal Circuit Rule 28(b).

# II.     STATEMENT OF THE ISSUES

Whether the district court correctly refused to apply the unlawful use doctrine because the Eleventh Circuit refused to adopt the rule and defendants failed to demonstrate its application based on clear and convincing evidence.

# III.     STATEMENT OF THE CASE

## A.     The Decision Below.

The decision below is published at *VPR Brands, LP v. Shenzhen Weiboli Tech. Co.*, No. 22-81576-CIV-CAN, 2023 WL 2317165, 2023 U.S. Dist. LEXIS 36169 (S.D. Fla. Feb. 23, 2023).

## B.     VPR's ELF Trademark and Appellants' Infringement.

VPR is engaged in product development, importation, distribution, and sale of vaporizers and electronic cigarettes. Appx2. VPR markets a line of e-cigarettes and accessories under the mark ELF; VPR's ELF e-cigarette business began in November 24, 2017. *Id.*

VPR obtained a registered trademark in the ELF mark from the Trademark Office on June 5, 2018, for use of the mark in connection with "Electronic cigarette lighters; Electronic cigarettes; [and] Smokeless cigarette vaporizer pipe," U.S. Registration No. 5,486,616. Appx88.

Plaintiff currently markets two products under the ELF mark: (1) the ELF Original Auto Draw Conceal Kit, "a reusable (non-disposable) bar-shaped e-cigarette"; and (2) a high-capacity e-cigarette battery for use with the "industry standard refillable 510 mouthpieces." Appx2. The ELF product is sold empty, without liquid, and it is reusable, allowing the consumer to "use [the] product for the lifespan of the rechargeable battery." *Id.* VPR submitted evidence and testimony that its devices are neither sold nor marketed for use with nicotine. Appx18, Appx131. VPR does not make or offer for sale e-liquid containing nicotine to be used in its ELF devices. *Id.*

Appellant Shenzhen Weiboli Technology Co. Ltd. ("Weiboli") is a Chinese company involved in the manufacture of e-cigarettes marketed under the name ELFBAR. Appx3-4. The other seven Defendants operate as Weiboli's wholesale distributors of the ELFBAR products within the United States. *Id.*

Weiboli was on notice of the likelihood of confusion between its ELFBAR products and VPR's registered ELF mark, at least as of July 19, 2021, when the USPTO rejected Weiboli's application to register the ELFBAR mark because it could result in confusion with Plaintiff's ELF mark. *Id.* The USPTO refused the registration application for ELFBAR "because of a likelihood of confusion with the mark in U.S. Registration No. 5486616." *Id.*

Weiboli abandoned its application to register the ELFBAR mark with the USPTO as of January 20, 2022. *Id.* Nevertheless, Weiboli entered the U.S. market after the USPTO rejection and began to distribute its ELFBAR e-cigarettes. *Id.*

### C.    The Preliminary Injunction Hearing and Order.

On October 14, 2022, VPR moved for a preliminary injunction on its claims for (1) trademark infringement under Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a); (2) trademark infringement, false designation of origin, and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (3) common law unfair competition. The district court held an evidentiary hearing over two days on VPR's motion in November and December 2022. Appx1-32.

During the preliminary injunction hearing Appellants offered evidence and testimony alleged to support its position that VPR's ELF mark was invalid under the doctrine of unlawful use, under the Family Smoking Prevention and Tobacco Control Act ("TCA"). The TCA gave the Food and Drug Administration ("FDA") authority to regulate the manufacture, distribution, and marketing of tobacco products, including electronic cigarettes. Pub. L. No. 111-31, 123 Stat. 1776 (2009) (enacting 21 U.S.C. §§ 387 - 387u); Appx256-289.

The FDA has the exclusive authority to determine the illegality of a product under the Tobacco Control Act. Appx263. There is no private right of action or enforcement of the TCA. Appx264.

VPR's Elf-branded products have never been the subject of any regulatory or legal action by the FDA. Appx131.

Appellants did not offer any evidence during the hearing that there was ever any determination of illegality made by the FDA as to VPR's products, or any other similar products. Appx12-13. The only enforcement actions the FDA took against any similar products are warning letters that do not determine a product is illegal, but simply that "a particular product **appears to be** unauthorized." Appx 281. (emphasis added).

The district court determined that Appellants did not establish a *per se* violation of the FDA. As the district court noted, "Mr. Haynes acknowledged that he had not seen an example of an FDA enforcement proceeding against a product 'just like this'; that he was not aware of an FDA enforcement action or warning letter specific to Plaintiff's ELF products and that **the application of the pre-marketing authorization requirement was "fact-specific and could depend on a variety of things.** As the FDA's website indicates, warning letters are "issued for violations of regulatory significance that **may** lead to enforcement action if not promptly and adequately corrected." Appx9 (quoting https://www.fda.gov/animal-veterinary/compliance-enforcement/advisory-action-letters) (emphasis added).

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

# IV.  SUMMARY OF THE ARGUMENT

Appellants present a single issue on this appeal: whether the district court abused its discretion by failing to adopt and apply the "unlawful use" doctrine to prevent issuance of a preliminary injunction.

The district court's well-reasoned decision granting the motion for preliminary injunction should be affirmed. Indeed, regional circuit law dictates an affirmance here. The Eleventh Circuit, as the district court explained in detail, has not adopted the "unlawful use" doctrine. Appellants rely predominantly on Ninth Circuit precedent. The Ninth Circuit has adopted the unlawful use doctrine. The Eleventh Circuit has not.

Even if the unlawful use doctrine did apply to the present case, Appellants failed to meet their burden by clear and convincing evidence to establish that VPR's ELF products are unlawfully marketed. Appellants failed to establish that VPR's ELF products were *per se* illegal because the FDA (the governing body with exclusive jurisdiction to make such a determination) has never made such a determination. The improper statutory interpretations and legal conclusions of Appellants' expert do not support such a finding even if this appeal applied the law of a circuit that applies the doctrine, which it does not.

The district court's thirty-two-page opinion granting a preliminary injunction should be affirmed.

## V.    STANDARD OF REVIEW

This Court reviews preliminary injunction orders related to matters outside the scope of this Court's exclusive subject matter jurisdiction—such as the procedural matters at issue—under the law of the regional circuit in which the district court sits. *Nitro Leisure Prods., L.L.C. v. Acushnet Co.*, 341 F.3d 1356, 1359 (Fed. Cir. 2003); *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1574-75 (Fed. Cir. 1984).

On substantive issues of trademark infringement, this Court defers to the laws of the regional circuit regional circuit when addressing substantive legal issues over which it does not have exclusive subject matter jurisdiction. *U.S. Philips Corp. v. Windmere Corp.*, 861 F.2d 695, 702 (Fed. Cir. 1988), *cert. denied,* 490 U.S. 1068 (1989).

The eleventh circuit "review[s] a grant of a preliminary injunction for abuse of discretion." *Gonzalez v. Governor of Ga.*, 978 F.3d 1266, 1270 (11th Cir. 2020). A court abuses its discretion in granting a preliminary injunction if, in determining whether success is likely, it incorrectly or unreasonably applies the law. *Id.*

## VI.    ARGUMENT

### A.    The Appellants' Request to Apply the Unlawful Use Doctrine—a Doctrine that is Not Recognized by the Eleventh Circuit—Should be Refused.

This Court has "exclusive jurisdiction— (1) of an appeal from an interlocutory order or decree [granting injunctions] in any case over which the

court would have jurisdiction of an appeal under [28 U.S.C. § 1295]." 28 U.S.C. § 1292(c). When this Court "review[s] procedural matters that do not pertain to patent issues," it "adjudicate[s] the rights of the parties in accordance with the applicable regional circuit law." *Panduit Corp.*, 744 F.2d at 1575-76. "Where the regional circuit court has spoken on the subject, [this Court] must apply the law as stated." *Id.* (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). "Where the regional circuit court has not spoken, [this Court] need[s] to predict how that regional circuit would have decided the issue in light of the decisions of that circuit's various district courts, public policy, etc." *Id.*

This Court's stated policy announced in *Panduit* to review procedural matters not unique to patent issues "under the law of the particular regional circuit court where appeals from the district court would normally lie," was based upon "the general desire of the federal judicial system to minimize confusion and conflicts." *Id.* at 1574-75.

The defendants invite this Court to do create confusion, not minimize confusion, by adopting the unlawful use defense which has not been adopted by the Eleventh Circuit. *FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1086-87 (11th Cir. 2016) ("This Court has not adopted the unlawful use doctrine."). Adopting the unlawful use defense would contradict the Eleventh Circuit's previous refusal to apply the doctrine in analogous cases. Adopting the unlawful

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

use defense would contradict the decisions of district courts in the Eleventh Circuit that have uniformly rejected its application. Adopting the unlawful use defense would create conflict, cause confusion, and violate *Panduit*.

### B.    The District Court did not Abuse its Discretion when it Refused to Apply the Unlawful Use Doctrine.

The district court did not abuse its discretion by declining to adopt a legal doctrine that its parent circuit, and other circuits, have expressly declined to adopt. *Id.* at 1086-87; *see also Perry v. H.J. Heinz Co. Brands, L.L.C.*, 994 F.3d 466 (5th Cir. 2021) (Fifth Circuit expressly refused to apply the "unlawful use doctrine."); *Moke Am. L.L.C. v. Am. Custom Golf Cars, Inc.*, No. 3:20cv400 (DJN), 2022 U.S. Dist. LEXIS 220617 (E.D. Va. Dec. 6, 2022). As the district court noted, the doctrine "appears almost exclusively in the administrative setting," specifically in TTAB "proceedings to oppose trademark applications or cancel registrations." (A7, quoting *FN Herstal*). This is not an administrative appeal.

Other district courts in the Eleventh Circuit have declined to adopt the "unlawful use" defense in almost identical circumstances. *Roor Int'l BV v. Kinan Shouk, Inc.*, No. 3:19-cv-00027-J-20MCR, 2019 U.S. Dist. LEXIS 178638 (M.D. Fla. July 31, 2019) (declining to apply the unlawful use doctrine in a trademark case where plaintiff's product was a smoker's water pipe); *Sream, Inc. v. Tausif Lavina, Inc., CASE NO. 16-62605-CIV-ZLOCH*, 2019 U.S. Dist. LEXIS 23583, 2019 WL 1466706, at *3 (S.D. Fla. Feb. 12, 2019); *Sream, Inc. v. Habsa Enter.*,

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

CASE NO. 16-81662-CIV-DIMITROULEAS, 2018 U.S. Dist. LEXIS 16741, 2018 WL 1463655 (S.D. Fla. Jan. 30, 2019); *Hi-Tech Pharms. v. Dynamic Sports Nutrition*, 2020 WL 10728951, 2020 U.S. Dist. LEXIS 260248, *16–18 (N.D. Ga. 2020).

Appellants rely on non-binding district court cases in the Eleventh Circuit that discussed the unlawful use doctrine. Appellants' Br. at 12-13. Importantly, the courts in the cited cases merely **recognized** its existence, but did not apply the doctrine, nor rely on it in their holdings.[1] Appellants do not cite a single case in the Eleventh Circuit where a registered mark was cancelled by a court based on the unlawful use doctrine.

---

[1] *Plant Food Sys. v. AgroSource, Inc.*, No. 16-80326-Civ-Marra/Matthewman, 2016 U.S. Dist. LEXIS 124185, at *57 (S.D. Fla. Sept. 12, 2016), did not analyze the doctrine, but simply noted that the defendant advanced the unlawful use doctrine as an argument. The court did not adopt it or accept the argument.

Appellants misstate the holding in *Craft Kratom Lab, Inc. v. Mancini,* 2013 U.S. Dist. LEXIS 105852 (S.D. Fla. July 29, 2013), where a mark was canceled based on fraud, not unlawful use, and where "Kratom Lab sought to enforce a trademark it knew to be fraudulently obtained."

In *Davidoff Extension S.A. v. Davidoff Int'l, Inc.*, 612 F. Supp. 4, 7-8 (S.D. Fla. 1984) the court analyzed unlawful use but failed to adopt it in that case. Additionally, *Davidoff* is nearly 40 years old and was issued well before the 2016 Eleventh Circuit decision in *FN Herstal*. Thus, it offers minimal precedential value and does not represent the Eleventh Circuit's current position on the unlawful use doctrine.

Appellants otherwise rely on out-of-circuit precedent, predominantly from the Ninth Circuit and administrative TTAB decisions and appeals, where the unlawful use doctrine has been adopted. Appellants' Br. at 13.

Several of the out-of-circuit decisions cited by Appellants substantially predate the 2016 Eleventh Circuit decision in *FN Herstal,* where the Eleventh Circuit maintained that "[t]his Court has not adopted the unlawful use doctrine." *FN Herstal SA*, 838 F.3d at 1086-87. Despite other Court's adopting unlawful use, the Eleventh Circuit continued to decline to adopt the doctrine. This Court should not impose out-of-circuits precedent on the Eleventh Circuit, particularly where the Eleventh Circuit had the opportunity to adopt such precedent and declined to do so.

The district court did not abuse its discretion by declining to adopt a legal doctrine that was never adopted by its parent circuit nor by any of its sister courts in the circuit.

### 1. Appellants' Failed to Show That the District Court Abused its Discretion by Failing to Determine That VPR's ELF Products Are Being Unlawfully Sold.

Even if the unlawful use doctrine was applied to the present case, Appellant failed to meet their burden to establish that VPR's ELF products are unlawfully marketed.

The TTAB standard to find unlawful use requires that: (1) a government agency or court previously found noncompliance with a federal law or agency rule;

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

or (2) a per se violation of federal law has occurred. *Satinine Societa in Nome Collettivo Di S.A. E M. Usellini v. P.A.B. Produits et Appareils de Beaute*, 1981 TTAB LEXIS 27, 209 U.S.P.Q. (BNA) 958, 964 (Trademark Trial & App. Bd. February 23, 1981).

The district court determined that Appellants did not establish: (1) a prior finding of non-compliance against ELF (or any similar product), or (2) a *per se* violation of the FDA. As the district court noted,

> Mr. Haynes acknowledged that he had not seen an example of an FDA enforcement proceeding against a product 'just like this'; that he was not aware of an FDA enforcement action or warning letter specific to Plaintiff's ELF products and that the application of the pre-marketing authorization requirement was "fact-specific and could depend on a variety of things. As FDA's website indicates, warning letters are "issued for violations of regulatory significance that may lead to enforcement action if not promptly and adequately corrected.

Appx9.

The district court did not abuse its discretion when it refused to determine that VPR's ELF product were *per se* illegal, because the FDA (the governing body with exclusive jurisdiction to make such a determination) has never made such a determination as to VPR's ELF product, or any other similar product. Appellants' demand that this Court make such a determination merely on the improper legal conclusions of their expert is improper. The district court's decision not to credit to

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

the expert's legal conclusions was not an abuse of its discretion. In fact, crediting such legal conclusions from an expert would be abuse of discretion.[2]

Appellants rely on the improper legal conclusions of an expert to interpret the FDCA, stating that, "the expert opined that VPR's marketing of its ELF electronic cigarettes was a *per se* violation of the FDCA because the products are … unlawfully marketed in violation of the FDCA." Appellants' Br. at 7-8. The expert both interpreted the FDCA statute and its application to VPR's ELF products, and offered its conclusion on the legality of VPR's ELF product – neither of which are within the proper purview of an expert opinion.

Appellants' improper expert conclusions did not meet their burden to establish a *per se* violation by clear and convincing evidence, and the district court did not abuse its discretion by declining to adopt the legal conclusions of Appellants' expert.

---

[2] Expert witnesses "are prohibited from testifying as to questions of law regarding the interpretation of a statute, the meaning of terms in a statute, or the legality of conduct." *Dahlgren v. Muldrow*, CASE NO. 1:06-cv-00065-MP-AK, 2008 U.S. Dist. LEXIS 4103 at *5, 2008 WL 186641 (N.D. Fla. Jan. 18, 2008). Instead, "[t]he determination of which law applies and what the law means is for the Court to decide." *Id.* "In general, federal courts have found expert testimony on issues of law, either giving a legal conclusion or discussing the legal implications of evidence, to be inadmissible. *See Estate of Sowell v. United States*, 198 F.3d 169, 171–72 (5th Cir. 1999); *United States v. Simpson*, 7 F.3d 186, 188 (10th Cir. 1993); *Estes v. Moore*, 993 F.2d 161, 163 (8th Cir. 1993); *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991); *United States v. Jungles*, 903 F.2d 468, 477 (7th Cir. 1990).

**SRIPLAW**
California ◆ Georgia ◆ Florida ◆ Tennessee ◆ New York

The TTAB standard requires "the proofs submitted by the party charging noncompliance must leave no room for doubt, speculation surmise or interpretation" and be supported by "clear and convincing evidence." *Satinine Societa in Nome Collettivo Di S.A.e.M. Usellini*, 209 U.S.P.Q. (BNA) at 965. The district court properly determined that the proof submitted by Appellants did not "leave no room for doubt." *Id.* The district court properly declined to make "extrapolations and inferences from the present record" to make a determination that VPR's ELF products were unlawful. Appx13.

The district court did not abuse its discretion in finding that Appellants had failed to meet their burden, by clear and convincing evidence, that VPR's ELF products are being illegally marketed under the FDCA.

### C.    Application of the Unlawful Use Doctrine in the Present Case Would Create a Private Right of Action Under the Tobacco Control Act, When No Such Right Exists.

The Food and Drug Administration (and other agencies) enforces Title 21 of the United States Code, including the Tobacco Control Act. *See*, Pub. L. No. 111-31, 123 Stat. 1776 (2009) (enacting 21 U.S.C. §§ 387 - 387u).

"Whether Plaintiff has violated the provisions of these statutes are matters best left for the applicable government agencies." *G&W Lab'ys, Inc., 20*18 U.S. Dist. LEXIS 102132 (2018); *Healthpoint, Ltd. v. Ethex Corp.*, 273 F. Supp. 2d 817, 849-51 (W.D. Tex. 2001) (whether the plaintiff violated the Food, Drug, and

Cosmetic Act through misbranding was "a matter best left for the FDA to determine."); *Inmuno Vital, Inc. v. Golden Sun, Inc.*, 49 F. Supp. 2d 1344, 1360 (S.D. Fla. 1997) (rejecting defendant's non-compliance claims, in part, because there was no private right of action to redress alleged violations of the Federal Food, Drug, and Cosmetic Act.).

Appellants rely on out-of-circuit (predominantly Ninth Circuit) authority to assert that the District Court abused its discretion. Unlike the Eleventh Circuit, the Ninth Circuit has adopted and applied unlawful use doctrine. Appellants request that this Court impose Ninth Circuit law on the Eleventh Circuit, despite no precedent from the Eleventh Circuit indicating any intent to adopt the Ninth Circuit law, and case law in the Eleventh expressly choosing to not adopt the unlawful use doctrine.

Appellants' misconstrue the private cause of action. Appellants fail to distinguish that, in this case, Appellants asked the District Court (and now this Court) to make a legal interpretation and determination the FDA itself has never made. Neither VPR's products nor any other similar products on the market have even been determined to be illegal by the FDA.

Appellants cite a string of cases for the proposition that Court's regularly weigh-in to determine legality under FDA regulatory statutes. Appellants' Br. at 24-25. However, such cases are where the FDA (or other agency) has made a

determination of illegality, and the Courts are asked to reverse the FDA's determination. Unlike the present case, where the FDA has made no such determination as to VPR's (or any other similar) products, and private party is attempting to enforce the FDCA in a way the FDA has not.

Appellants cite *Dessert Beauty, Inc. v. Fox*, 617 F. Supp. 2d 185, 190 (S.D.N.Y. 2007), for the proposition that "courts have an obligation to determine whether the plaintiff's use of the trademark in question was lawful." (Appellants' Brief at 25). However, the *Dessert Beauty* court made no such declaration, and expressly acknowledges that many courts do not recognize the unlawful use doctrine, stating, "[w]hile the unlawful use defense has long been recognized by the Trademark Trial and Appeal Board**, it has not yet been widely adopted by the federal courts**." *Id.* (emphasis added).

Application of the unlawful use doctrine in the context of FDA regulated products would empower defendants to seek invalidation of a competitor's trademark rights "for violations of a statute that Defendants unquestionably lack a right to enforce." *Healthpoint, Ltd.*, 273 F. Supp. 2d at 849 (rejecting an assertion of "unclean hands" premised on allegations of non-compliance with the FDCA as a defense to a Lanham Act claim, "because such a use of the doctrine would essentially permit a private enforcement action — a power reserved for the FDA.").

The legality of VPR's ELF-branded products is solely in the province of the FDA. As the district court noted, allowing Apellants-Defendants to challenge VPR's ELF trademark on the basis of claims that VPR's products violate the FDCA would usurp the authority of the FDA, and create a private right of action under the FDA. Appx12.

The district court did not abuse its discretion by declining to provide Appellants' a private cause of action under the FDCA.

### D.    The District Court Did Not Abuse its Discretion in Determining That the Balance of Harms Tips in Favor VPR.

The district court determined that, even though "defendants have had considerable success in the sale of their ELFBAR products in the United States, the issuance of the preliminary injunction would prevent Defendants only from using marks which the record substantially shows they are not entitled to use. And Plaintiff has offered sufficient evidence on the flipside to support the harms (monetary and non-monetary) it will continue to suffer absent an injunction." Appx27-29 citing, *7-Eleven, Inc.*, 977 F. Supp. 2d at 1227; *Davidoff & Cie, S.A. v. PLD Int'l Corp., 26*3 F.3d 1297, 1304 (11th Cir. 2001); *Clayton*, 730 F. Supp. at 1561–62.

The district court properly balanced the harms in its decision granting the injunction, stating:

> Plaintiff has also shown that Defendants' use of the ELFBAR mark has resulted in their inability to control the nature and quality of Defendants' goods that are being marketed and sold under the ELFBAR name. Plaintiff expressed particular concern over the ELFBAR products being marketed with nicotine e-liquid in candy and fruit flavors… As Plaintiff has no affiliation with Defendants, they are unable to control or influence exactly what products are being marketed under the ELFBAR name. This results in the potential for Plaintiff to lose control over its reputation, which shows a substantial threat of irreparable harm.

Appx26 (internal citations omitted) citing *Ferrellgas Partners, L.P. v. Barrow*, 143 F. App'x 180, 191 (11th Cir. 2005).

Additionally, Appellants' infringement and their initial success has created a morass for VPR, requiring it to police a marketplace that now believes the ELF trademark is free for the taking. In the last two months VPR was forced to file several other lawsuits for trademark infringement against numerous other companies selling ELF branded e-cigarettes, and more lawsuits are coming because defendants illegally created U.S. demand for trademark infringing ELF branded e-cigarettes. There are no equities in defendants' illegal conduct.

The success of ELFBAR created copycats using other infringing ELF names like ELFBOX, ELFTANK, and others.[3]

---

[3] See *VPR Brands, LP v. Shenzhen Daosen Vaping Technology Co., Ltd. dba Block Bar Elf Edition and Shenzhen Kuke Vaping Co., Ltd.,* in the Southern District of Florida, Case No. 0:23-cv-60358 (filed on February 23, 2023); *VPR Brands, LP v.*

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

Customers are faced with a confusing array of ELF products and this creates unnecessary problems not only for VPR but for customers who are entitled to rely upon the VPR as the only source for legal ELF branded products in the marketplace. And, of course, as the district court properly noted, confusion in the marketplace harms customers most of all. Appx30.

The injunction further advances the public interest by enabling VPR to take further action against other counterfeiters and knock-off ELF products.

On the other hand, allowing Weiboli to continue to infringe VPR's ELF trademark and continue to market its ELFBAR products will signal to competitors that the ELF mark is free to use, and will: (1) expand the confusing array of "ELF" branded knock-off products in the market; (2) embolden counterfeiters; and (3) signal to counterfeiters that VPR will not be able to enjoin counterfeit ELFBAR or other knock-off ELF products, all to the detriment of consumers and VPR. On the other hand, the injunction puts counterfeiters and other ELF knockoffs on notice

---

*Shenzhen Sigelei Technology Co. Ltd. dba ELF Tank, GD Sigelei Electronic Tech Co. Ltd. dba ELF TANK, ProVape Enterprise, Inc., Waterfall Holding LLC dba Vape Wholesale USA, Limitless Accessories, Inc. dba Valgous dba alternativepods.com, LA Vapor Inc., World Wholesale Inc., G & A Wholesale Distributors Inc. dba nyvapeplus.com, and Kloud King Distributors Inc. dba kksmoke.com*, in the Southern District of Florida, Case No. 9:23-cv-80291 (filed on February 24, 2023); *VPR Brands, LP v. iMiracle HK Limited and Heaven Gifts International Limited*, in the Southern District of Florida, Case No.: 9:22-cv-81977 (filed on December 27, 2022; *VPR Brands, LP v. Shenzhen YouMe Information Technology Co., Ltd. dba PodKing*, in the Southern District of Florida, Case No. 0:23-cv-60357 (filed on February 23, 2023).

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

and will strengthen VPR's ability to enjoin counterfeiting ELFBAR activity and the plethora of confusing ELF products entering the market.

The district court properly determined that the balance of harms and public interest weighs in favor of the injunction.

## VII.  CONCLUSION

The district court's decision is well reasoned and supported, and Appellants' have failed to make a showing that the district court abused its discretion in the granting the preliminary injunction.

Appellants' appeal rests entirely on the application of the unlawful use doctrine, a doctrine that the Eleventh Circuit declined to adopt. Even if applicable in the Eleventh Circuit, the district court did not abuse its discretion in finding that Appellants failed to meet their burden to prove that VPR's ELF products are being illegally marketed under the FDCA, by clear and convincing evidence.

Finally, the district court properly determined that the balancing of harms and public interest weigh in favor of the injunction.

The district court's grant of injunction should be affirmed.

DATED: May 31, 2023                    Respectfully submitted,


                                       */s/ Joel B. Rothman*
                                       JOEL B. ROTHMAN
                                       joel.rothman@sriplaw.com
                                       **SRIPLAW, P.A.**
                                       21301 Powerline Road

Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Appellee VPR Brands, LP*

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number**: 23-1544

**Short Case Caption**: VPR BRANDS, L.P. v. SHENZHEN WEIBOLI TECHNOLOGY CO. LTD. et. al.

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

[X] the filing has been prepared using a proportionally-spaced typeface and includes 4387 words.

[ ] the filing has been prepared using a monospaced typeface and includes lines of text.

[ ] the filing contains pages/ words/ lines of text, which does not exceed the maximum authorized by this court's order (ECF No.__).

Date: May 31, 2023

Signature: _/s/ Joel B. Rothman_

Name: Joel B. Rothman

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

# CERTIFICATE OF SERVICE

**Case Number**: 2023-1544

**Short Case Caption**: VPR BRANDS, L.P. v. SHENZHEN WEIBOLI
TECHNOLOGY CO. LTD. et. al.

I certify that I served a copy of the foregoing filing on May 31, 2023 by email on
the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Eric N. Heyer | eric.heyer@thompsonhine.com |
| Meixuan (Michelle) Li | Michelle.li@thompsonhine.com |
| Joseph A. Smith | Joe.smith@thompsonhine.com |

Date: May 31, 2023

Signature: */s/ Joel B. Rothman*

Name: Joel B. Rothman

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK