No. 23-1544
IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

**VPR BRANDS, LP,**
*Plaintiff-Appellee*
**v.**
**SHENZHEN WEIBOLI TECHNOLOGY CO. LTD., YLSN DISTRIBUTION LLC, ECTO WORLD LLC, SAFA GOODS LLC, D&A DISTRIBUTION LLC, UNISHOW (U.S.A.), INC., SV3 LLC, KINGDOM VAPOR INC.,**
*Defendants-Appellants*

---

Appeal from the United States District Court for the Southern District of Florida
in Case No. 9:22-cv-81576-AMC, Judge Aileen M. Cannon

---

**APPELLANTS' CORRECTED REPLY BRIEF**

---

Carrie Shufflebarger
THOMPSON HINE LLP
312 Walnut Street, Suite 2000
Cincinnati, OH 45202
Phone: 513.352.6678
Fax: 513.241.4771
Carrie.Shufflebarger@ThompsonHine.com

Eric N. Heyer
Joseph A. Smith
Meixuan (Michelle) Li
THOMPSON HINE LLP
1919 M Street NW, Suite 700
Washington, DC 20036
Phone: 202.331.8800
Fax: 202.331.8330
Eric.Heyer@ThompsonHine.com
Joe.Smith@ThompsonHine.com
Michelle.Li@ThompsonHine.com

*Counsel for Defendants-Appellants*

# FEDERAL CIRCUIT RULE 47.4 CERTIFICATE OF INTEREST

No. 23-1544

The undersigned counsel of record certifies the following:

**1. The full name of every entity represented in this case by me is:**

Shenzhen Weiboli Technology Co. Ltd., YLSN Distribution LLC, ECTO World LLC, D&A Distribution LLC, Unishow (U.S.A.), Inc., SV3 LLC, and Kingdom Vapor Inc.

**2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:**

N/A

**3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:**

Shenzhen iMiracle Technology Co., Ltd. (parent of Shenzhen Weiboli Technology Co., Ltd.)

**4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or are expected to appear in this court are:**

Thompson Hine LLP; Eric N. Heyer; Carrie Shufflebarger; Joseph A. Smith; Meixuan (Michelle) Li; Anna Stressenger; and Krupa Patel

McDowell Hetherington LLP; Tucker C. Motta

**5. Related Cases. Other than the originating case(s) for this case are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?**

Yes. The following related cases, which have been consolidated with the originating case are pending in the United States District Court for the Southern District of Florida:

- VPR Brands, LP v. Imiracle HK Limited and Heaven Gifts International Limited, 22-cv-8197
- VPR Brands, LP v. Shenzhen Imiracle Technology Co. Ltd., et al., 22-cv-62373

Additionally, the following case is pending in the United States District Court for the Southern District of Georgia:

- VPR Brands, LP v. Vape Loft Abercorn, LLC, et al., 4:23-cv-00115

**6. Organizational Victims and Bankruptcy Cases.**

N/A

/s/ Eric N. Heyer
Eric N. Heyer

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................... 1
ARGUMENT ............................................................................................... 1
I. THE UNLAWFUL USE DOCTRINE HAS BEEN WIDELY RECOGNIZED AND ADOPTED ............................................................ 2
II. APPLICATION OF THE LAWFUL USE REQUIREMENT IS CONSISTENT WITH THE FDCA ............................................................ 6
III. THE UNDISPUTED FACTS SHOW A *PER SE* VIOLATION OF THE FDCA JUSTIFYING APPLICATION OF THE LAWFUL USE REQUIREMENT ............................................................ 8
CONCLUSION ............................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Curling v. Raffensperger*,
50 F.4th 1114 (11th Cir. 2022) .......... 2

*Dessert Beauty, Inc. v. Fox*,
617 F. Supp. 2d 185 (S.D.N.Y. 2007) .......... 5, 6, 7

*Erva Pharms, Inc. v. Am. Cyanamid Co.*,
755 Supp. 36 (D.P.R. 1991) .......... 7

*FN Herstal SA v. Clyde Armory, Inc.*,
838 F.3d 1071 (11th Cir. 2016) .......... 3, 8, 10

*G&W Labs., Inc. v. Laser Pharm., LLC*,
No. 3:17-cv-3974, 2018 U.S. Dist. LEXIS 102132 (D.N.J. June 19, 2018) .......... 7

*Healthpoint, Ltd. v. Ethex Corp.*,
273 F. Supp. 2d 817 (W.D. Tex. 2001) .......... 7

*Hi-Tech Pharms. v. Dynamic Sports Nutrition*,
No. 16-cv-00949, 2020 U.S. Dist. LEXIS 260248 (N.D. Ga. Jan. 10, 2020) .......... 4

*I&I Hair Corp. v. Beauty Plus Trading Co.*,
No. 3:20-cv-02719-M, 2021 U.S. Dist. LEXIS 168620 (N.D. Tex. July 13, 2021) .......... 5

*Immuno Vital, Inc. v. Golden Sun, Inc.*,
49 F. Supp. 2d 1344 (S.D. Fla. 1997) .......... 7

*Moke Am. LLC v. Am. Custom Golf Cars, Inc.*,
No. 3:20-cv-400, 2022 U.S. Dist. LEXIS 220617 (E.D. Va. Dec. 6, 2022) .......... 4

*NYcityVAN, LLC v. Thomas*,
501 F. Supp. 3d 145 (E.D.N.Y. 2020) .......... 6

*Panduit Corp. v. All States Plastic Mfg. Co.*,
744 F.2d 1564 (Fed. Cir. 1984) ....................2

*Perry v. H.J. Heinz Co. Brands, L.L.C.*,
994 F.3d 466 (5th Cir. 2021) ....................5

*Plant Food Sys. v. AgroSource, Inc.*,
No. 16-80326, 2016 U.S. Dist. LEXIS 124185 (S.D. Fla. Sept. 12, 2016) ....................4

*Roor Int'l BV v. Kinan Shouk, Inc.*,
No. 3:19-cv-00027-J-20MCR, 2019 U.S. Dist. LEXIS 178638 (M.D. Fla. July 31, 2019)....................3

*Sream, Inc. v. Habsa Enter.*,
No. 16-81662-CIV, 2018 U.S. Dist. LEXIS 16741 (S.D. Fla. 2018)....................3

**Statutes**

21 U.S.C. § 321(rr)....................9

21 U.S.C. § 331(a) ....................9

21 U.S.C. § 337(a) ....................6

21 U.S.C. § 387b(6)(A)....................9

21 U.S.C. § 387j....................9

**Regulations**

21 C.F.R. § 1143.1 ....................9

## INTRODUCTION

Lawful use of a mark in commerce is a fundamental requirement for a party to obtain enforceable trademark rights under the Lanham Act and the common law. Affirmance of the District Court's decision, and adoption of VPR's position, would inherently undermine this requirement.

Not allowing the unlawful use doctrine as an affirmative defense in a matter where the plaintiff unlawfully marketed the marked goods at issue would render the requirement meaningless and allow a party to enforce its ill-gotten trademark "rights" indefinitely. Such would particularly be the case if—contrary to the Lanham Act's mandate—only the government agency responsible for regulating the product at issue, and not a federal district court, could decide whether a party's use of the mark was lawful, as VPR argues should be the case.

Reviewing the district court's conclusions of law *de novo*, the Court should conclude that Appellants permissibly invoked the unlawful use doctrine as an affirmative defense and should further conclude that the doctrine requires vacating the preliminary injunction because VPR cannot succeed on its underlying trademark infringement claims.

## ARGUMENT

VPR correctly recognizes that this Court, when considering matters unrelated to patent issues, applies "applicable circuit law" and that when the "regional circuit

court has not spoken, [this Court] need[s] to predict how that regional circuit would have decided the issue in light of the decisions of that circuit's various district courts, public policy, etc." *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1575 (Fed. Cir. 1984). But VPR ignores that this standard requires the Court to review the district court's legal conclusions underlying the preliminary injunction *de novo*. *Curling v. Raffensperger*, 50 F.4th 1114, 1120-21 (11th Cir. 2022). Review of the district court's refusal to adopt the lawful use doctrine under this standard compels the conclusion that Appellants are likely to succeed on their unlawful use defense.

## I. THE UNLAWFUL USE DOCTRINE HAS BEEN WIDELY RECOGNIZED AND ADOPTED

Rather than being limited to the administrative setting, as VPR suggests, VPR Br. 8, the unlawful use doctrine has been applied throughout the circuits, including by this Court, the Ninth and Tenth Circuits, and district courts in the First, Second, Fifth, and Eleventh Circuits. *See* App. Br. 16.

Adopting and applying the unlawful use doctrine in this case would not "create confusion," as suggested by VPR. VPR Br. 7-8. Instead, applying the doctrine would further ensure consistency across the circuits. Otherwise, the fundamental validity of a mark, as well as a party's right to assert the unlawful use doctrine as an affirmative defense to a claim of trademark infringement, will turn entirely on the court in which the underlying suit is filed. Thus, a party's trademark on goods sold in violation of federal law could be enforceable in Florida but

unenforceable in California. Likewise, a defendant in New York could successfully defend against a trademark infringement claim based on the plaintiff's lack of lawful use in commerce, while a defendant in Georgia could be liable for an identical infringement claim brought by a plaintiff that should have never had any enforceable legal rights in the mark in the first place. The federal Lanham Act was adopted to reduce, not promote, such geographic variations in the enforcement of trademark rights.

Contrary to VPR's argument that the unlawful use doctrine has been "rejected," federal courts, including in the Eleventh Circuit, that have declined to adopt or apply the doctrine have typically done so when applying the doctrine would be procedurally improper or the case could be decided on other grounds. For example, in *FN Herstal SA v. Clyde Armory, Inc.*, 838 F.3d 1071, 1086-87 (11th Cir. 2016), the court noted that "even if were to adopt [the doctrine, defendant] has not submitted evidence sufficient to raise an issue of fact in this respect." Similarly, in *Roor Int'l BV v. Kinan Shouk, Inc.*, No. 3:19-cv-00027-J-20MCR, 2019 U.S. Dist. LEXIS 178638, *5 (M.D. Fla. July 31, 2019), the court observed that to apply the doctrine at the motion to dismiss stage the court would have to consider evidence outside the complaint, including the plaintiff's product website for consumers in the Netherlands. In *Sream, Inc. v. Habsa Enter.*, No. 16-81662-CIV, 2018 U.S. Dist. LEXIS 16741, *5 (S.D. Fla. 2018), the court declined to apply the doctrine because

the statute forming the basis for its application, a Florida fictitious name registration statute, did not even apply to the plaintiff California corporation. And in *Plant Food Sys. v. AgroSource, Inc.*, No. 16-80326, 2016 U.S. Dist. LEXIS 124185, *57 (S.D. Fla. Sept. 12, 2016), the court did not "simply note[]," VPR Br. at 9 n.1, that the defendant advanced the unlawful use doctrine, but recognized that it may be "meritorious in future proceedings and . . . may limit Plaintiff's ability to establish that its mark has priority and that Plaintiff has a legitimate property interest in the mark."

Likewise, in the other district court cases VPR cites in which the courts declined to adopt or apply the doctrine, the parties pursuing application of the doctrine otherwise failed to satisfy the evidentiary burden to make adoption or application of the doctrine effective. *See Hi-Tech Pharms. v. Dynamic Sports Nutrition*, No. 16-cv-00949, 2020 U.S. Dist. LEXIS 260248 (N.D. Ga. Jan. 10, 2020) (finding factual questions existed as to whether the plaintiff's product label disclosed a chemical ingredient that would render the product violative of the Federal Food, Drug, and Cosmetic Act ("FDCA") or contained enough of a prohibited steroid to violate the Controlled Substances Act); *Moke Am. LLC v. Am. Custom Golf Cars, Inc.*, No. 3:20-cv-400, 2022 U.S. Dist. LEXIS 220617, *28 (E.D. Va. Dec. 6, 2022) (finding evidence and "cursory" argument fell far short of meeting "clear and convincing" evidence standard).

VPR's reliance on *Perry v. H.J. Heinz Co. Brands, L.L.C.*, 994 F.3d 466 (5th Cir. 2021), as an example of a court that supposedly rejected the unlawful use doctrine overlooks that the Fifth Circuit concluded it did not need to adopt or apply the doctrine because the case could be resolved based on the district court's erroneous abandonment analysis. *Id.* at 474-475. VPR also ignores that, following *Perry*, a district court within the Fifth Circuit adopted and applied the unlawful use doctrine because there was a "lack of binding authority from the Fifth Circuit regarding the unlawful use doctrine." *See I&I Hair Corp. v. Beauty Plus Trading Co.*, No. 3:20-cv-02719-M, 2021 U.S. Dist. LEXIS 168620, **4-5, 8-9 (N.D. Tex. July 13, 2021).

Additionally, in disputing Appellants' reliance on *Dessert Beauty, Inc. v. Fox*, 617 F. Supp. 2d 185 (S.D.N.Y. 2007), VPR disregards that the court there *did* adopt and apply the unlawful use doctrine, finding that there remained a question of fact for the jury as to whether the plaintiff had lawful use of the trademark at issue. 617 F. Supp. 2d at 190-194.[1] In fact, *Dessert Beauty*'s analysis and application of the doctrine was in the context of determining whether that plaintiff's products violated the Food, Drug, and Cosmetic Act, just as is the case here. *Id*. Moreover, a subsequent district court in the Second Circuit adopted the same rationale in

[1] Judge Chin, who authored the *Dessert Beauty* decision, was subsequently appointed to the Second Circuit.

adopting and applying the unlawful use doctrine, agreeing that "the unlawful use defense—which has its origins in the common law doctrine of unclean hands—is a way of preventing the government from having to extend the benefits of trademark protection to a seller who violates the law." *NYcityVAN, LLC v. Thomas*, 501 F. Supp. 3d 145, 149 (E.D.N.Y. 2020) (quoting *Dessert Beauty*, 617 F. Supp. 2d at 190). That same rationale warrants adoption and application of the unlawful use doctrine in this case.

## II. APPLICATION OF THE LAWFUL USE REQUIREMENT IS CONSISTENT WITH THE FDCA

Enforcing the lawful use requirement would not create a private cause of action, as VPR contends. Instead, the requirement would simply allow Appellants to rely on an affirmative defense recognized and applied in circuit courts and district courts across the country. VPR wrongly argues that asking the district court to apply the unlawful use doctrine creates a prohibited private cause of action; by its plain text, 21 U.S.C. § 337(a)'s prohibition on private claims does not apply to Appellants' affirmative defense of unlawful use. *See* App. Br. 22-23.

Nor is it "solely . . . the province of the FDA" to determine whether VPR had lawful use of the ELF mark or violated the FDCA. As explained in Appellants' Brief at 24-25, Article III courts have the ultimate say on whether a party's conduct violates federal law, including the FDCA, and regularly decide whether a party has violated the law. These judicial prerogatives include application of the unlawful use

doctrine in trademark matters. *See Dessert Beauty*, 617 F. Supp. 2d at 189-94; *Erva Pharms, Inc. v. Am. Cyanamid Co.*, 755 Supp. 36, 40 (D.P.R. 1991) (holding failure to comply with the FDCA's marketing and labeling requirements constituted a *per se* violation).

The non-binding district court cases cited by VPR for the proposition that FDA alone should determine whether any violation has occurred are readily distinguishable and highlight the straightforward nature of determining the legality of VPR's products. In *G&W Labs., Inc. v. Laser Pharm., LLC*, No. 3:17-cv-3974, 2018 U.S. Dist. LEXIS 102132 (D.N.J. June 19, 2018), the plaintiff's product was subject to FDA enforcement discretion. *Id.* at **2-4. VPR's ELF products do not qualify for such enforcement discretion because (1) they were not commercially marketed as of August 8, 2016, and (2) VPR has admittedly failed to submit an application for marketing authorization. App. Br. at 4-5; 8. In *Healthpoint, Ltd. v. Ethex Corp.*, 273 F. Supp. 2d 817 (W.D. Tex. 2001), there was already an ongoing FDA investigation into the plaintiff's alleged misbranding of its products, *id.* at 832-47. No such FDA investigation into VPR's ELF products exists here. Similarly. *Immuno Vital, Inc. v. Golden Sun, Inc.*, 49 F. Supp. 2d 1344 (S.D. Fla. 1997), involved complex claims of product misbranding through curative claims, *id.* at 1357-62. No such claims are at issue here.

VPR's position would essentially eliminate the lawful use requirement for marks used on any FDA-regulated product, as even trademark examiners and the TTAB would have to defer to the FDA's position on legality. If the FDA had yet to make a determination of legality, an examiner and the TTAB, as well as any subsequent court, would be left unable to apply the lawful use requirement, in clear contradiction of the plain language of the Lanham Act.

## III. THE UNDISPUTED FACTS SHOW A *PER SE* VIOLATION OF THE FDCA JUSTIFYING APPLICATION OF THE LAWFUL USE REQUIREMENT

The sale of VPR's ELF products is a *per se* violation of the FDCA, the second alternative basis for applying the unlawful use doctrine. Establishing unlawful use requires Appellants to prove *either* that "the issue of compliance has previously been determined (with a finding of non-compliance) by a court or government agency having competent jurisdiction" <u>or</u> that "there has been a per se violation of a statute regulating the sale of a party's goods." *FN Herstal*, 838 F.3d at 1087 (internal quotation omitted). VPR ignores this second alternative basis in arguing that the doctrine should not and cannot apply because FDA has yet to determine the legality of VPR's ELF electronic cigarettes. Such a determination is unnecessary because, on this evidentiary record, VPR's sales of its ELF products constitutes a *per se* violation of the FDCA.

The undisputed evidence clearly and convincingly proves that VPR's sale of ELF electronic cigarettes was a *per se* violation of the FDCA. VPR knew and expected its ELF electronic cigarettes would be used by consumers with nicotine, making them "tobacco products" under the FDCA. App. Br. 16-17. VPR was required under 21 U.S.C. § 387j to obtain a marketing order prior to sale of its ELF electronic cigarettes because they were not commercially marketed until November 2017, more than a year after the August 8, 2016 deadline for applicants to qualify for FDA's deferred enforcement policy. *Id.* VPR never received marketing authorization for its ELF electronic cigarettes and never even applied for such authorization as required by the FDCA and FDA regulation. *Id.*

There are no other facts needed to conclude that VPR's sale of its ELF electronic cigarettes was a *per se* violation of the FDCA. This is not an instance of questionable labeling, potential protection by deferred enforcement, or potential immaterial violation. Because VPR's ELF electronic cigarette products are tobacco product "components" or "parts" under 21 C.F.R. § 1143.1 and thus "tobacco product[s]" under 21 U.S.C. § 321(rr), VPR needed to obtain a marketing order for its ELF products before they could be legally sold in the United States. VPR failed to obtain such an order, and therefore, it lacked lawful use as the products were adulterated and unlawfully marketed in violation of the FDCA. *See* App. Br. 16; 21 U.S.C. § 387b(6)(A); 21 U.S.C. § 331(a).

This is the type of material violation of "such gravity and significance that the [trademark] usage must be considered unlawful—so tainted that, as a matter of law, it could create no trademark rights." *FN Herstal SA*, 838 F.3d at 1087 (quoting *Gen. Mills, Inc. v. Health Valley Foods*, 1992 TTAB LEXIS 37, *10-11, 24 U.S.P.Q.2D (BNA) 1270, 1274 (Trademark Trial & App. Bd. May 1, 1992)). And while Appellants' expert provided context and further explanation and clarification of the FDCA and FDA's further regulation and enforcement, this testimony or further extrapolation from it were unneeded to find a *per se* violation by VPR.

Unlike cases in which courts have declined to adopt or apply the unlawful use doctrine, there is not a question about the sufficiency of evidence to support a finding of unlawful use if the doctrine is adopted. Rejection of the unlawful use doctrine in a case like this would allow VPR, and any other party that obtains a trademark registration without lawful use, to evade review of the registration's validity so long as the infringement claims are maintained in circuits that have yet to fully adopt the doctrine. As a result, Appellants, and any other defendant, would be deprived of the ability to challenge the validity of the registration before the TTAB until after judgment is entered in an infringement case.

## CONCLUSION

For these reasons, the district court erred in failing to adopt and apply the unlawful use doctrine, and consequently granting the preliminary injunction in favor

of VPR Brands, LP. Accordingly, the Court should vacate the preliminary injunction entered by the district court.

Dated: July 10, 2023

Respectfully Submitted,

THOMPSON HINE LLP

By: /s/ Eric N. Heyer

Eric N. Heyer
eric.heyer@thompsonhine.com
Joseph A. Smith
joe.smith@thompsonhine.com
Michelle Li
michelle.li@thompsonhine.com
1919 M Street, NW, Ste. 700
Washington, DC 20036
Phone: (202) 331-8800
Fax: (202) 331-8330

Carrie Shufflebarger
carrie.shufflebarger@thompsonhine.com
Thompson Hine LLP
312 Walnut Street, Suite 2000
Cincinnati, Ohio 45202
(513) 352-6700

*Counsel for Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume requirement set forth in Federal Rule of Appellate Procedure 32. The word count feature found in Microsoft Word reports that Appellants' Corrected Principal Brief contains 2430 words.

/s/ Eric N. Heyer
Eric N. Heyer

## CERTIFICATE OF SERVICE

I certify that on July 10, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Joel B. Rothman, Esq.
SRIPLAW, P.A.
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
joel.rothman@sriplaw.com

*Counsel for Plaintiff-Appellee*

/s/Eric N. Heyer
Eric N. Heyer